UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE GOMEZ | CIVIL ACTION |
| VERSUS | NO. 19-11803 |
| THE CITY OF NEW ORLEANS, JOHN GALMAN, and SPENCER SUTTON | SECTION M (1) |

**ORDER & REASONS**

Before the Court is a motion by defendant Spencer Sutton to dismiss plaintiff's constitutional claims brought against him under 42 U.S.C. § 1983.[1] Sutton argues that such claims must be dismissed because this Court has already found that plaintiff Jorge Gomez did not allege that Sutton and co-defendant John Galman were acting under the color of law when they allegedly beat Gomez at a bar.[2]

In opposition, Gomez argues that Sutton's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied as untimely because Sutton has answered the amended complaint.[3] Gomez also argues that the Court should re-examine its color-of-law analysis because, according to Gomez, the Court's ruling, on the City's motion to dismiss, that Sutton and Galman were not acting under the color of law at the relevant time should not apply to Gomez's allegations against Sutton as an individual.[4]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Sutton's motion must be granted. First, that Sutton filed the motion under Rule

---

[1] R. Doc. 51.
[2] R. Doc. 51-1 at 3 (citing R. Doc. 46 at 11).
[3] R. Doc. 52 at 2.
[4] *Id.* at 3-8.

12(b)(6) after answering the amended complaint does not mandate denial. Rather, because a defense of failure to state a claim may be raised in a Rule 12(c) motion for judgment on the pleadings, the Court converts Sutton's motion to a Rule 12(c) motion. *See Guidry v. Am. Publ. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ("The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss."); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (treating Rule 12(b)(6) motion to dismiss, filed after answer, as a Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted).

Further, Gomez's allegations regarding whether the officers were acting under the color of law are identical as to Sutton, Galman, and the City.[5] Thus, this Court's previous ruling that "[t]he factual allegations in the amended complaint do not support a claim that Galman and Sutton were acting under the color of law, but rather as private citizens in a bar fight" applies equally to all three defendants.[6] The jurisprudence reviewed in the Court's previous ruling supports such a conclusion since the facts alleged in the amended complaint establish that Galman and Sutton were off duty, not in uniform, and never identified themselves as police officers to Gomez during the incident but only in communications to dispatch after Gomez was unconscious.[7] Thus, the color-of-law issue was considered fully in the Court's prior Order & Reasons granting the City's motion to dismiss the § 1983 claims and in this Court's denial of Gomez's motion to reconsider that ruling, and the ruling is appropriately applied to Sutton now.[8]

Accordingly, for the foregoing reasons,

IT IS ORDERED that Sutton's motion to dismiss Gomez's § 1983 claims against him (R. Doc. 51) is GRANTED.

---

[5] R. Doc. 32.
[6] R. Doc. 46 at 11.
[7] *Id.* at 9-11 (citing cases).
[8] R. Docs. 46 & 50.

IT IS FURTHER ORDERED that by July 13, 2020, the parties show cause in writing why Gomez's § 1983 claims against Galman should not also be dismissed and whether the Court should exercise its discretion to decline supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c).[9]

New Orleans, Louisiana, this 29th day of June, 2020.

        BARRY W. ASHE
        UNITED STATES DISTRICT JUDGE

---

[9] Galman, who is proceeding *pro se* in this matter, is in same position as Sutton. Thus, Gomez's § 1983 claims against Galman are ripe for dismissal. Once such claims are dismissed, there will no longer be any federal claims pending in this case.