UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORGE GOMEZ                                          CIVIL ACTION

VERSUS                                              NO. 19-11803

THE CITY OF NEW ORLEANS,                            SECTION M (1)
JOHN GALMAN, and SPENCER
SUTTON

## ORDER & REASONS

On June 29, 2020, this Court ordered that, by July 13, 2020, the parties show cause in writing why plaintiff's claims brought under 42 U.S.C. § 1983 against defendant John Galman should not be dismissed for the same reasons the Court dismissed plaintiff's § 1983 claims against the other defendants, the City of New Orleans (the "City) and Spencer Sutton (namely, that Galman and Sutton were not acting under the color of law when they engaged in a bar fight with plaintiff Jorge Gomez while they were off-duty and not in their police uniforms), and why the Court should not exercise its discretion to decline supplemental jurisdiction over Gomez's remaining state-law claims pursuant to 28 U.S.C. § 1367(c).[1]  Sutton and the City both filed memoranda advocating that the Court dismiss Gomez's § 1983 claims against Galman and decline to exercise supplemental jurisdiction pursuant to § 1367(c) once all of the federal claims are dismissed.[2]  Relying on arguments he made in opposition to the City's and Sutton's motions to dismiss, Gomez argues that his claims against Galman should proceed and that, even if his § 1983 claims against Galman are dismissed, this Court should retain supplemental jurisdiction over his state-law claims because the parties have commenced discovery.[3]

---

[1] R. Doc. 53.
[2] R. Docs. 55 & 56.
[3] R. Doc. 57.

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Gomez's § 1983 claims against Galman must be dismissed because this Court has already twice held that Gomez failed to allege that Sutton and Galman were acting under the color of law when they allegedly beat Gomez at a bar.[4]  Gomez's allegations regarding whether the officers were acting under the color of law are identical as to Sutton, Galman, and the City.[5]  Thus, this Court's previous ruling that "[t]he factual allegations in the amended complaint do not support a claim that Galman and Sutton were acting under the color of law, but rather as private citizens in a bar fight" applies equally to all three defendants.[6]  The jurisprudence reviewed in the Court's previous rulings supports such a conclusion since the facts alleged in the amended complaint establish that Galman and Sutton were off duty, not in uniform, and never identified themselves as police officers to Gomez during the incident but only in communications to dispatch after Gomez was unconscious.[7]  The color-of-law issue was considered fully in the Court's prior orders granting the City's and Sutton's motions to dismiss the § 1983 claims and in this Court's denial of Gomez's motion to reconsider the first of these rulings.[8]  Now the holding is appropriately applied to Galman.

With the dismissal of Gomez's § 1983 claims against Galman, only state-law claims remain pending.  Section 1367(a) empowers a federal district court to hear in a civil action state-law claims that are related to an accompanying federal claim over which the court has original jurisdiction.  28 U.S.C. § 1637(a).  However, § 1367(c)(3) permits a federal district court to decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction.  *Id.* § 1367(c)(3).  In determining

---

[4] R. Docs. 46 & 53.
[5] R. Doc. 32.
[6] R. Doc. 46 at 11.
[7] *Id.* at 9-11 (citing cases).
[8] R. Docs. 46, 50 & 53.

whether to retain jurisdiction over pendent state-law claims, the court should consider the four statutory factors set out in § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive.  *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011).  As a general rule, the court should dismiss state claims when the federal claims to which they are pendent are dismissed.  *Id*. at 161 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).  "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] review[s] the district court's decision in light of the specific circumstances of the case at bar."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

This case was filed on July 23, 2019.  And while the parties may have started discovery, it is far from complete.  The state court is competent to adjudicate Gomez's remaining state-law claims of assault, battery, false arrest, and intentional infliction of emotional distress against Sutton and Galman (Counts III & IV) and violation of the public records law against the City (Count VIII).  This Court has not delved into the merits of any of these claims.  Thus, pursuant to § 1367(c)(3) and for reasons of judicial economy, convenience, fairness, and comity, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Gomez's § 1983 claims against Galman are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court declines to exercise supplemental jurisdiction over Gomez's remaining state-law claims, and such claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 14th day of July, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE